Robert Swanston v. Commissioner.
Swanston v. Commissioner
Docket No. 111455.
United States Tax Court
1943 Tax Ct. Memo LEXIS 336; 1 T.C.M. (CCH) 957; T.C.M. (RIA) 43194; April 28, 1943
*336 A. I. Diepenbrock, Esq., 1212 California State Line Life Bldg., Sacramento, Calif., for the petitioner. Thomas M. Mather, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This proceeding is for the redetermination of income tax deficiencies of $597.47 for 1939 and $4,018.06 for 1940. The only question in issue is whether the gains from the sale of real estate lots in the taxable years were capital gains, as petitioner reported in his returns, or ordinary gains, as respondent has determined. There is no dispute as to the facts. [The Facts] Petitioner is a resident of Sacramento County, California. He filed his income tax returns for 1939 and 1940 with the collector of internal revenue for the first district of California. For many years petitioner has been engaged in the meat packing business to which he devotes most of his working time. He also has some agricultural interests. Prior to 1929 petitioner came into ownership of residential property located in Sacramento County, California, which had been his family homestead for many years. It consisted of a tract of about ten acres and a large residence which had been built by his grandfather. For several years *337 prior to 1929 petitioner had made efforts to sell the property but could find no purchaser for the entire tract. In the meantime the residence had been used as a private school and as a boarding house. Petitioner did not occupy the residence. In 1939 a real estate firm of Sacramento, California, Jones & Brand & Hullin, Inc., made petitioner an offer, which he accepted, to subdivide the property and sell it in lots. The real estate firm agreed to handle the entire matter. Accordingly, the residence was demolished and the land divided into 61 small lots. These lots were all sold by the real estate firm during 1939 and 1940. There were 49 separate transactions. Twenty-five of them were closed in 1939 and 24 in 1940. The gross selling price of the lots was $40,805. Twenty-two of the sales were for cash and the remainder on short-term installment contracts which were paid out, for the most part, in 1939 and 1940. The real estate firm looked after all of the details connected with the sales, collected the sales price and after deducting its commissions paid the balance over to the petitioner. The petitioner took no active part in any of these matters except to sign the deeds in closing *338 the sales. The cost basis of the entire property to petitioner was $15,205. Petitioner treated his gains on the sale of the lots as capital gains under section 117 of the Revenue Act of 1938, reporting as taxable income only 50 per cent of the gains realized in each year. The amounts reported were $1,985.77 in 1939 and $4,626.15 in 1940. Petitioner had no other sales of real estate in 1939 or 1940. His real estate transactions in other years have been casual and infrequent. The respondent has determined that the gains on the sales in question, as to which there is no dispute as to the amounts, were not capital gains but were ordinary income and that the full amount of the gains realized in each year are taxable. The petitioner is contesting only so much of the deficiencies as results from that adjustment. It is respondent's position that the real estate lots which petitioner sold in 1939 and 1940 were not capital assets within the meaning of section 117 (a) of the Revenue Act of 1938 because they were "property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business." (Sec. 117 (a), Revenue Act of 1938.) [Opinion] We think that *339 the respondent's determination must be sustained. The facts here do not differ materially from those in the cases relied upon by the respondent. See ; affirming ; ; ; reversing ; certiorari denied, ; ; affirming ; ; , and . In the Richards case the taxpayer contracted with real estate agents to subdivide and sell a portion of his truck farming acreage in Los Angeles County, California. The property was subdivided, improved, and sold by the real estate agents over a period of about three years. *340 It was held that the taxpayer was engaged in the business of selling the lots, through the real estate agents, and that the gains realized were taxable as ordinary income. Most of the arguments which reasonably could be made on behalf of the taxpayer in this proceeding were considered and rejected in the Richards case. In , a large tract of land which the taxpayers had acquired either by inheritance or for investment purposes was sold to a corporation for the purpose of subdivision and sale by the corporation. After improvements were made and many of the lots sold the corporation defaulted and the remaining property was reacquired under foreclosure by the original owners, who continued with the subdivision and sale of the lots. While in some of the cited cases the taxpayers had purchased the property for the purpose of subdividing it and selling the lots, this was not the situation in either or Petitioner has undertaken in his brief to distinguish most of the cases cited but has failed, we *341 think, for reasons readily apparent when the facts in all of the cases have been examined. Upon authority of the cases cited we hold that the gains which petitioner realized from the sale of the lots were ordinary income as determined by the respondent. Decision will be entered for the respondent.